UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
TRUSTEES OF THE NEW YORK CITY DISTRICT      :
COUNCIL OF CARPENTERS PENSION FUND,         :
WELFARE FUND, ANNUITY FUND, AND             :
APPRENTICESHIP, JOURNEYMAN RETRAINING,      :   20 Civ. 2556 (JPC)
EDUCATIONAL AND INDUSTRY FUND et al.,       :
                                            :   OPINION AND ORDER
                        Petitioners,        :
                                            :
            -v-                             :
                                            :
                                            :
C K S WOODWORKS, INC.,                      :
                                            :
                        Respondent.         :
                                            :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund; the Carpenter Contractor Alliance of Metropolitan New York; and the New York City District Council of Carpenters have filed a petition seeking to confirm an arbitration award issued against Respondent C K S Woodworks, Inc. (the "Petition").  Petitioners also seek to recover the attorney's fees and costs that they have incurred in moving to confirm that award.  The Petition is unopposed, as Respondent did not appear at the underlying arbitration hearing and has not appeared before this Court.  For the reasons set forth below, the Petition is granted, but with a reduction in the amount of attorney's fees awarded to Petitioners.

### I. Background

**A. Facts**

Petitioners brought this action under section 301 of the Labor Management Relations Act of 1947 ("LMRA"), *as amended*, 29 U.S.C. § 185, to confirm and enforce an arbitrator's award (the "Award") rendered pursuant to a collective bargaining agreement (the "CBA") involving the New York City District Council of Carpenters (the "Union") and Respondent C K S Woodworks, Inc. Dkt. 1 ("Pet.") ¶ 1. Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund (the "ERISA Funds") are employer and employee trustees of multiemployer labor management trust funds organized and operated pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id.* ¶ 4. Petitioner Trustees of the New York City District Council of Carpenters Charity Fund (the "Charity Fund") are trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). *Id.* ¶ 5. Petitioner Carpenter Contractor Alliance of Metropolitan New York (collectively with the ERISA Funds and the Charity Fund, the "Funds") is a not-for-profit corporation. *Id.* ¶ 6. The Union is a labor organization and the certified bargaining representative for certain employees of Respondent. *Id.* ¶ 7.

On March 11, 2008, Respondent entered into an agreement with the United Brotherhood of Carpenters and Joiners of America, which required that Respondent pay the "pension and/or health and welfare contributions for an employee's work in each locality" in accordance with the terms of "the applicable collective bargaining agreement." *Id.* ¶¶ 9-12; Pet. Exhibit A. The applicable local CBA, in turn, required that Respondent make its books and records available for an audit, in order to allow the Funds to ensure that Respondent was making the necessary benefit

fund contributions under the CBA.  Pet. ¶¶ 13-15, 21-22; *id.* Exhibit B ("CBA") Article XV § 1. The CBA also mandated that Respondent comply with the "Funds' Collection Procedures, as may be adopted by the Board of Trustees."  CBA Article XVI § 2; *see* Pet. Exhibit C ("Collection Procedures").  The Collection Procedures provided that "[i]n the event that an employer refuses to permit a[n] . . . audit upon request . . . the Fund Office shall determine the estimated amount of the employer's delinquent contributions based on the assumption that the employer's weekly hours subject to contributions for each week of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period." Collection Procedures § IV(12).

In accordance with the CBA and the Collection Procedures, Petitioners requested an audit of Respondent's files from March 2013 through present to determine if Respondent had paid the proper contributions.  Pet. ¶ 21.  Respondent, however, refused to provide its books and records for purposes of conducting an audit.  *Id.* ¶ 22.  The CBA provided that "[s]hould any dispute or disagreement arise between the parties hereto . . . concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator."  CBA Article XV § 7.  The CBA and Collection Procedures also provided that, should the Funds be required to arbitrate a dispute or file a lawsuit over unpaid contributions, the Funds shall be entitled to collect, in addition to the delinquent contributions: (1) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (2) liquidated damages in the amount of 20% of the unpaid contributions; and (3) reasonable costs and attorney's fees incurred by the Funds in collecting the delinquencies.  *See* Pet. ¶ 20; CBA Article XV § 6(a); Collection Procedures § V.

In accordance with the CBA, Petitioners initiated arbitration before Roger E. Maher, the arbitrator designated under the CBA. Pet. ¶ 24. Arbitrator Maher held a hearing on October 7, 2019. *See* Pet. Exhibit E ("Award") at 1. Respondent was notified of the proceeding and the claims against it, but did not appear or request an adjournment. *Id.*; Pet ¶ 24. Arbitrator Maher examined the evidence and rendered an award on January 8, 2020. *See* Award at 1-2. Arbitrator Maher found that Respondent violated the CBA when it failed to permit the Funds to audit its books and records, and ordered Respondent to pay the Funds the sum of $239,368.73, consisting of: (1) an estimated principal deficiency of $167,198.62; (2) interest of $36,330.39; (3) liquidated damages of $33,439.72; (4) court costs of $400; (5) attorney's fees of $1,500; and (6) arbitrator's fees of $500. *Id.* at 3. The arbitrator also found that interest at the rate of 6.75% would accrue on the Award from the date of the issuance of the Award. *Id.* Arbitrator Maher sent the Award to Respondent via certified mail. *Id.* at 4. As of the date of the Petition, Respondent had failed to pay any portion of the Award. Pet. ¶ 28.

### B. Procedural Background

On March 25, 2020, Petitioners filed the Petition to confirm Arbitrator Maher's Award. *See* Pet. The case was previously assigned to the Honorable Andrew L. Carter. According to docket, Petitioners served Respondent with the Petition on July 16, 2020. *See* Dkt. 9. On September 29, 2020, with no response from Respondent, Petitioners requested that the Court treat the Petition as an unopposed motion for summary judgment. Dkt. 10 (citing *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006)). The case was then reassigned to the undersigned. On October 22, 2020, the Court ordered Respondent to file and serve any opposition to the Petition by November 6, 2020. Dkt. 12. Petitioners filed proof of service of that Order the

same day. Dkt. 13. Respondent has not submitted an opposition or otherwise appeared in this action.

## II. Discussion

### A. The Arbitration Award

#### 1. Applicable Law

"The LMRA establishes a federal policy of promoting 'industrial stabilization through the collective bargaining agreement,' with particular emphasis on private arbitration of grievances." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578 (1960)). "Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court,'" *D.H. Blair & Co.*, 462 F.3d at 110 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)), and "[o]nly a 'barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award," *id.* (quoting *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir.1992)).

Accordingly, judicial review of an arbitration award is "limited to determining whether the arbitration proceedings and award met the minimum legal standards established by" the LMRA. *Nat'l Football League Mgmt. Council*, 820 F.3d at 532. The Court "must simply ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* (quoting *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). Under this standard, "even if an arbitrator makes mistakes of fact or law, [a district court] may not disturb an award so long as [the arbitrator] acted within the bounds of his bargained-for authority." *Id.* In other words, "[a]s long

as the award "'draws its essence from the collective bargaining agreement" and is not merely the arbitrator's "own brand of industrial justice,"' it must be confirmed." *Id.* at 537 (quoting *Int'l Bhd. of Elec. Workers v. Niagara Mohawk Power Corp.*, 143 F.3d 704, 714 (2d Cir. 1998)).

If, as here, a petition to confirm an arbitration award is unopposed, courts generally treat the petition "as akin to a motion for summary judgment." *D.H. Blair & Co.,* 462 F.3d at 109. Although the Court grants significant defense to the arbitrator's decision, as outlined above, an unopposed confirmation petition must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110.

### 2. Analysis

Here, Petitioners have demonstrated that there is no genuine issue of material fact precluding summary judgment in their favor. Arbitrator Maher found that Respondent was bound by the CBA, Pet. ¶ 10; Award at 1-2, which required that Respondent submit its books and records to the Funds for an audit so that they could confirm that Respondent had made the contributions required under the CBA, Pet. ¶¶ 13-15; Award at 1-2. The CBA also provided for arbitration in the event of a dispute. Pet. ¶ 17; CBA Article XV § 7. Although Respondent failed to attend that arbitration, Arbitrator Maher found that Respondent had notice of the arbitration. *See* Award at 1-2. Before issuing the Award, the Arbitrator considered the "uncontroverted testimony and evidence," and concluded that Respondent had failed to make its books and records available, as required by the CBA. *Id.* at 2; Pet. ¶ 26.

The Award itself also appears to be proper. As noted above, the CBA and Collection Procedures provide that, should the Funds be required to arbitrate a dispute or file a lawsuit over unpaid contributions, the Funds shall be entitled to collect, in addition to the delinquent contributions: (1) interest on the unpaid contributions at the prime rate of Citibank plus 2%;

(2) liquidated damages in the amount of 20% of the unpaid contributions; and (3) reasonable costs and attorney's fees incurred by the Funds in collecting the delinquencies.  *See* Pet. ¶ 20; CBA Article XV § 6(a); Collection Procedures § V.  In deciding the Award, Arbitrator Maher received the summary report of the estimated principal deficiencies and found that it was adequate.  *See* Award at 2.  "Although Petitioners have not presented this Court with copies of all the materials on which the arbitrator relied, there is no reason to doubt the arbitrator's interpretation of those materials."  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman, Retraining, Educ. & Indus. Fund v. Mountaintop Cabinet Mfr. Corp.*, No. 11 Civ. 8075 (JMF), 2012 WL 3756279, at *4 (S.D.N.Y. Aug. 29, 2012).  Moreover, there is "no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law."  *Id.*  Accordingly, the Court confirms Petitioners' timely application for confirmation of the Award amount.[1]

### B. Petitioners' Application for Attorney's Fees, Costs, and Post-Judgment Interest

#### 1. Applicable Law

Petitioners have also requested $818 in attorney's fees and $75 in costs arising out of their efforts to confirm the Award.  Generally, "in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award," which section 301 of the LMRA does not provide.  *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985).  However, a court may award attorney's fees "[p]ursuant to its inherent equitable powers . . . when the opposing counsel acts 'in bad faith, vexatiously,

---

[1] Although in the final paragraph of their memorandum of law in support of their Petition, Petitioners requested that the Court also issue a "judgment . . . ordering Respondent to comply with an audit covering March 26, 2013 to date," Dkt. 5 at 8, Petitioners have since clarified that they are not seeking such an order, *see* Dkt. 15.

wantonly, or for oppressive reasons.'" *Id.* (quoting *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 129 (1974)). "[W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Id.* (citation and internal quotation marks omitted).

In determining whether a requested fee is reasonable, courts look to the total hours billed and the rates at which those hours were billed. "A reasonable hourly rate is 'what a reasonable, paying client would be willing to pay.'" *N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 16 Civ. 1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (quoting *Watkins v. Smith*, No. 12 Civ. 4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015)). An attorney's hourly rate is considered reasonable when it is "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Trs. of the Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund v. Stevenson Contracting Corp.*, No. 05 Civ. 5546 (GBD) (DF), 2008 WL 3155122, at *9 (S.D.N.Y. June 19, 2008) (alteration in original) (internal quotation marks omitted) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)).

To allow the Court to determine whether time was reasonably expended, "[a]pplications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). "Hours that are 'excessive, redundant, or otherwise unnecessary' are to be excluded." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

## 2. Analysis

Respondent has failed to appear or defend this action, and therefore has offered no justification for failing to abide by the arbitrator's decision. *See N.Y.C. Dist. Council of Carpenters Pension Fund v. Angel Const. Grp., LLC*, No. 08 Civ. 9061 (RJS), 2009 WL 256009, at *3 (S.D.N.Y. Feb. 3, 2009) ("Here, Defendant has failed to appear or in any way defend this confirmation action, and thus it is axiomatic that Defendant has offered no justification for its failure to abide by the Award."). In addition, the CBA provides that the prevailing party in any action to enforce it is entitled to reasonable attorney's fees and costs. *See* CBA Article XV § 6. Accordingly, the Court concludes that an award of fees and costs is proper in this case.

In support of their application for fees, Petitioners have provided an invoice reflecting one hour of partner time, billed at a rate of $350 per hour, and 3.9 hours of legal assistant time, billed at a rate of $120 per hour. Pet. Exhibit F; *see* Pet. ¶¶ 34, 35, 37. As an initial matter, the Court concludes that the 4.9 hours spent on this case are reasonable and are not duplicative.

The Court next turns to the requested hourly rates. The one hour of partner time is attributed to Nicole Marimon, a 2014 graduate of Fordham University School of Law, who attests that she has "regularly served as lead counsel for multiemployer benefit plans in ERISA litigation." Pet. ¶ 34. "Over the course of this past year, [Ms. Marimon] has sought and been awarded fees at a rate between $275 to $300 per hour by courts in this Circuit . . . ." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. JB Squared Constr. Corp.*, No. 20 Civ. 2659 (KPF), 2020 WL 6825693, at *6 (S.D.N.Y. Nov. 19, 2020) (collecting cases). In many of the cases in which Ms. Marimon has sought a rate of $350, courts have reduced her rate to between $300 and $325. *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, &*

*Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Triangle Enter. NYC, Inc.*, No. 20 Civ. 793 (RA), 2020 WL 2306484, at *5 (S.D.N.Y. May 8, 2020) (reducing Ms. Marimon's fee from the $350 requested to $300 because a "rate of $300 per hour is generally considered reasonable for partners litigating petitions to confirm an arbitration award in this district"); *JB Squared Constr. Corp.*, 2020 WL 6825693, at *6 (reducing Ms. Marimon's fee to $325); *Matter of Arbitration Between Finkel & Allstate Elec. Corp.*, No. 18 Civ. 3798 (CBA) (RML), 2020 WL 1864877, at *4 (E.D.N.Y. Apr. 14, 2020) (reducing Ms. Marimon's fees to $250 for her time billed as an associate and $300 for her time billed as a partner).  In accordance with the above, the Court concludes that a rate of $325 is appropriate for Ms. Marimon's fee.

The Court concludes that the requested rate of $120 for legal assistants is reasonable.  *See Triangle Enter. NYC, Inc.*, 2020 WL 2306484, at *6 ("Numerous courts in this district have deemed this rate to be reasonable.").

Accordingly, Petitioners' request for attorney's fees is granted, but at a reduced hourly rate of $325 for Ms. Marimon.  Petitioners are therefore entitled to $793 in attorney's fees.  The Court also grants Petitioners $75 in costs, which is a standard cost to bring actions in this District.  *See id.*

Finally, the Court awards post-judgment interest "from the date of the entry of the judgment," as provided for in 28 U.S.C. § 1961(a).

### III.    Conclusion

For the reasons stated above, the Petition is granted.  The Clerk of the Court is respectfully directed to enter judgment in the amount of $240,236.73, which consists of the arbitration award of $239,368.73, attorney's fees in the amount of $793, and costs in the amount of $75.  The Court also awards interest at a rate of 6.75% on the arbitration award from the date of that award, January

8, 2020, through the date of the judgment.  Post-judgment interest will accrue at the statutory rate.

The Clerk of the Court is also respectfully directed to close this case.

    SO ORDERED.

Dated: February 24, 2021
       New York, New York

                                       JOHN P. CRONAN
                                  United States District Judge